**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**HOLIDAY PLUMBING SUPPLIES, INC.,**

    **Plaintiff,**

v.                                            **Case No.  8:12-cv-1974-T-30EAJ**

**AMERICAN ECONOMY INSURANCE**
**COMPANY,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's motion to dismiss (Dkt. 10) and Plaintiff's response in opposition (Dkt. 12).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

This case involves a property insurance claim resulting form a sinkhole loss at Plaintiff Holiday Plumbing Supplies, Inc.'s insured property.  At the time of the sinkhole loss, Plaintiff was insured through a contract of insurance with Defendant American Economy Insurance Company.  Following the sinkhole loss, Plaintiff reported the loss and damage to American Economy.  Plaintiff alleges that American Economy failed to properly adjust and tender full payment to Plaintiff for above ground damages to the insured property and took an incorrect position regarding the necessary subsurface repairs.  Plaintiff's two

count complaint alleges: (1) breach of contract based on American Economy's undervaluation and underpayment of its above ground damages and (2) declaratory relief regarding the proper and necessary subsurface repairs.

American Economy moves to dismiss Plaintiff's claim for declaratory relief because it fails to allege an actual real or immediate controversy and is superfluous. The Court disagrees.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

American Economy's arguments in favor of dismissal of Count II are without merit because a review of Count II demonstrates that it states a valid state-law claim for declaratory relief. Plaintiff's state-law claim for declaratory relief is governed by chapter 86, Florida

Statutes, which provides that a party claiming to be interested or in doubt as to its rights, may seek a declaration of its rights. *See Meadows Community Ass'n, Inc. v. Russell-Tutty,* 928 So. 2d 1276, 1279-80 (Fla. 2d DCA 2006). To invoke jurisdiction under Florida's declaratory judgment act, the moving party must show that he or she is in doubt as to the existence of some right or status and is entitled to have that doubt removed. *See Kelner v. Woody,* 399 So. 2d 35, 37 (Fla. 3d DCA 1981). "The test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all." *"X" Corp. v. "Y" Person,* 622 So. 2d 1098, 1101 (Fla. 2d DCA 1993) (citing *Platt v. Gen. Dev. Corp.,* 122 So. 2d 48 (Fla. 2d DCA 1960)).

In Count II, Plaintiff adequately alleges a dispute and disagreement between the parties regarding the proper method of repair for the subsurface damages. This claim is distinct from Count I, which is a breach of contract claim related to American Economy's failure to pay the *above ground* damages to the building. *See Powers v. Hartford Ins. Co. of the Midwest*, 2010 WL 2889759 (M.D. Fla. July 22, 2010) (denying defendant's motion to dismiss plaintiff's Florida declaratory action regarding the proper repair plan for the insured property's subsurface repairs). Accordingly, American Economy has not demonstrated that Plaintiff fails to set forth a claim for declaratory relief.

It is therefore ORDERED and ADJUDGED that:

1. Defendant's motion to dismiss (Dkt. 10) is DENIED.

2. Defendant shall file an answer to Plaintiff's complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 4, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1974.mtdismiss.frm